195 P.3d 1023 (2008)
STATE OF WASHINGTON, Appellant,
v.
Curtis Neil BEITO, Respondent.
No. 26379-7-III.
Court of Appeals of Washington, Division 3.
November 18, 2008.
*1025 Mark Erik Lindsey, Spokane County Prosecuting Attorney's Office, Spokane, WA, for Appellant.
Curtis Neil Beito, Spokane, WA, pro se.
BROWN, J.
¶ 1 Officers contacted Curtis N. Beito while he was a passenger in a vehicle parked outside a convenience store. When asked, he provided his name and birth date. Officers ran this information through their database and discovered Mr. Beito had a warrant for his arrest. In a search incident to arrest, officers found a stolen credit card. The State charged Mr. Beito with second degree possession of stolen property. He requested dismissal, arguing the initial contact was unconstitutional. The trial court agreed and dismissed the charge. The State appeals, contending the initial contact was not an unlawful seizure. We affirm.

FACTS
¶ 2 At 3:40 a.m., Airway Heights police officer Paul Brasch and reserve officer Robert Schmitter drove past an open convenience store and noticed a car parked in the parking lot with two individuals standing nearby. Four minutes later, they drove past the store again and noticed the individuals sitting inside the car. Out of concern for the individuals' welfare and premise's safety, the officers decided to make contact.
¶ 3 The officers parked directly behind the vehicle; they did not activate their emergency equipment. Officer Schmitter approached the driver and Officer Brasch approached the passenger, Mr. Beito. Mr. Beito told the officer he was okay and just waiting for a friend. Mr. Beito told Officer Brasch he thought his friend's name was Ryan. Mr. Beito claims the driver then received a call from Ryan and asked to leave, but Officer Brasch said no.
¶ 4 Officer Brasch observed several suitcases and bags in the back of the vehicle. Mr. Beito told the officer they just finished doing laundry and wanted to keep their clothes separate. Officer Brasch told Mr. Beito he found his stories about the friend and the laundry suspicious and asked for identification. Mr. Beito did not have identification on him. Officer Brasch then asked Mr. Beito for his name and birth date. A police database search showed Mr. Beito had a warrant for his arrest. In a search incident to arrest, the officers found a stolen gas card in Mr. Beito's rear pants pocket.
¶ 5 The State charged Mr. Beito with second degree possession of stolen property. Mr. Beito filed a motion to dismiss, arguing the initial contact violated his constitutional rights under article I, section 7 of the Washington Constitution. The court granted the motion, concluding the incident in question was an unlawful seizure. The State appealed.

ANALYSIS
¶ 6 The issue is whether the trial court erred by abusing its discretion in dismissing Mr. Beito's second degree possession charge.
¶ 7 The State contends there was no illegal seizure, and even if there was, the officers were not precluded from using Mr. Beito's identification information to subsequently arrest him on an unrelated warrant.
¶ 8 This court reviews a trial court's decision to allow or dismiss criminal charges for abuse of discretion. State v. Michielli, 132 Wash.2d 229, 240, 937 P.2d 587 (1997). "Discretion is abused when the trial court's decision is manifestly unreasonable, or is exercised on untenable grounds or for untenable reasons." Id. Dismissal is an extraordinary remedy, appropriate only in truly egregious cases. State v. Flinn, 119 Wash. App. 232, 247, 80 P.3d 171 (2003), aff'd, 154 Wash.2d 193, 110 P.3d 748 (2005).
¶ 9 Under the Washington Constitution, no person "shall be disturbed in his *1026 private affairs ... without authority of law." CONST. art. I, § 7. Article I, section 7 provides greater protection of a person's right to privacy than the Fourth Amendment. State v. Simpson, 95 Wash.2d 170, 178, 622 P.2d 1199 (1980). The person asserting an unconstitutional seizure bears the burden of proving that there was a seizure. State v. Young, 135 Wash.2d 498, 509-10, 957 P.2d 681 (1998). A seizure under article I, section 7 occurs when, due to an officer's use of physical force or display of authority, an individual's freedom of movement is restrained and the individual would not believe that he is free to leave or decline a request. "This determination is made by looking objectively at the actions of the law enforcement officer." State v. Mote, 129 Wash.App. 276, 282-83, 120 P.3d 596 (2005). Whether an encounter with police is permissive or a seizure is a mixed question of law and fact, but whether the facts may be characterized as a seizure is a legal question this court reviews de novo. State v. Rankin, 151 Wash.2d 689, 709, 92 P.3d 202 (2004).
¶ 10 Police officers are permitted to approach citizens and permissively inquire into whether they will answer questions as part of their "community caretaking" function. State v. Nettles, 70 Wash.App. 706, 712, 855 P.2d 699 (1993). "Where an officer commands a person to halt or demands information from the person, a seizure occurs. But no seizure occurs where an officer approaches an individual in public and requests to talk to him or her, engages in conversation, or requests identification, so long as the person involved need not answer and may walk away." State v. O'Neill, 148 Wash.2d 564, 581, 62 P.3d 489 (2003).
¶ 11 A police encounter may ripen into a seizure in circumstances, for example, where the police officer retains the identification such that the defendant is not free to leave or becomes immobilized. In State v. Thomas, 91 Wash.App. 195, 200-01, 955 P.2d 420 (1998), a seizure occurred when an officer, while retaining the defendant's identification, took three steps back to conduct a warrants check on his hand-held radio. Similarly, in State v. Dudas, 52 Wash.App. 832, 834, 764 P.2d 1012 (1988), a seizure occurred under the Fourth Amendment when the deputy took the defendant's identification card and returned to the patrol car. In State v. O'Day, 91 Wash.App. 244, 252, 955 P.2d 860 (1998), the court found that a passenger was seized when the officer ordered her out of the car, placed her purse out of reach, asked if she had drugs or weapons, and asked if she would consent to a search. In each of these cases, the officer removed the defendant's identification or property from the defendant's presence, effectively immobilizing the defendant.
¶ 12 Courts have also found, however, that a seizure has occurred when the police immobilized a defendant even without removing the defendant's property or identification from the defendant's presence. In State v. Coyne, 99 Wash.App. 566, 570, 995 P.2d 78 (2000), the officer directed the defendants to sit on the hood of the patrol car. In State v. Ellwood, 52 Wash.App. 70, 73, 757 P.2d 547 (1988), a seizure occurred after the defendant verbally identified himself and the officer told him to "wait right here" while he ran a warrant check on the verbal identification. In each of these cases, the police immobilized the defendant by a verbal show of authority.
¶ 13 Here, Mr. Beito was sitting inside a vehicle on the passenger side. The officer stood outside the door, blocking Mr. Beito from exiting. The driver was told she was not free to leave. Officer Brasch then told Mr. Beito he thought his stories were suspicious and requested identification. Mr. Beito did not have identification on him. Officer Brasch persisted and asked for his name and birth date. He continued to stand outside the passenger door while doing a warrant check over his radio. Under the totality of the circumstances, a reasonable person would not have felt free to terminate the encounter or refuse to answer Officer Brasch's questions. This amounts to a seizure.
¶ 14 Because the officers had no reasonable articulable suspicion that Mr. Beito had committed or was about to commit a crime or that he was a threat to anyone's safety, the seizure violated his constitutional rights. All "evidence obtained as a result of an unlawful seizure is inadmissible." State v. Reichenbach, 153 Wash.2d 126, 135, 101 P.3d 80 *1027 (2004). Had Mr. Beito not been seized and his personal information not been recorded, his warrants would not have been discovered by the officer, and the credit card would not have been discovered.
¶ 15 The State lastly contends dismissal is an extraordinary remedy and that the trial court should have instead suppressed the evidence. But, without the evidence seized, there is no basis for the possession charge. Therefore, it does not matter whether the court ordered dismissal or suppression; the charges would have been dismissed either way. The trial court did not abuse its discretion in granting Mr. Beito's motion to dismiss.
¶ 16 Affirmed.
WE CONCUR: KULIK, A.C.J., and SWEENEY, J.